UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No.   21-CR-378 TJK |
| ARTHUR JACKMAN et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT STATUS REPORT AND MOTION TO CONTINUE**

The parties submit this joint status report to provide the Court with an update on the status of the above-captioned case, and to move the court to continue the case approximately 60 days, at which time the parties can file a status report or appear for a status conference, as the Court directs.

**Joint Status Report**

Since the parties' last appearance in October 2021, the government has produced significant additional discovery.  First, the government's November 5, 2021 and October 22, 2021 memoranda regarding the status of global discovery on the defense version of Evidence.com and Relativity Workspace outlines some of the progress that has been made to give defense counsel access to each of those databases.  *See* Dkts. 70, 71.  The government anticipates filing another update memorandum with this Court in the next two weeks.  But currently, FPD and its vendor are still working to optimize defense attorney review of the voluminous documents the government anticipates providing in the near future, and are using the sample productions the government has made to the defense Relativity database to do so.  This is an ongoing and time-intensive process.  Once it is complete, defense counsel will have access to a populated defense Relativity database.

1

Second, since the last status conference in this case, the government has also produced six global productions, involving tens of thousands of files, to all Capitol Breach defendants. These productions have included, among many other things, thousands of files of U.S. Capitol Police Closed Circuit Video footage; over 1,000 files of body-worn camera footage; maps of the Capitol; reports of interviews and other information; and government work product aimed at assisting defense counsel in understanding the discovery in this investigation.

Third, in this case in particular, the government produced on December 22, 2021 a significant quantity of cross-discovery that had been previously produced to defendants in the case of *United States v. Ethan Nordean et al.*, No. 21-CR-175 (TJK).

The discovery process and negotiations with respect to a potential resolution of these cases are expected to continue past the first week of March.

Finally, the government and counsel for defendant Paul Rae note that a pretrial violation report was filed as to Mr. Rae on October 6, 2021. *See* Dkt. 68. This violation report stated that Mr. Rae was arrested for boating under the influence. *Id.* Mr. Rae's BUI case is ongoing. Pretrial services is not recommending action at this point. Counsel for Mr. Rae notes that Mr. Rae was admonished for this incident, and states that there have been no further issues since that arrest. The government defers to the Court in terms of how it wishes to handle the violation report relating to Mr. Rae's arrest. The government may affirmatively seek a change in Mr. Rae's bond status or conditions if his ongoing BUI case results in a conviction.

**Motion to Continue**

This filing also serves as a joint motion to continue this case to a date in approximately 60 days. The parties request that the Court exclude the time until that next date (be it a status report or status conference date) from the time within which the trial must commence under the

Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  Counsel for the defense and for the government require additional time to review the discovery that has been provided to date, and to permit the defendants to review that material, some of which is designated "Highly Sensitive" pursuant to the protective order.

In addition, on December 30, 2021, in recognition of the current high rate of transmission of the Omicron variant in the District of Columbia, Chief Judge Howell issued Standing Order 21-83, suspending all jury trials until January 24, 2022.  *See In Re: Postponement of Jury Trials and Closing of Public Access to Clerk's Office in Light of Current Circumstances Relating to the COVID-19 Pandemic*, Standing Order No. 21-83 (Dec. 30, 2021).  In addition to other findings, the Court found that "given the emergence of the highly-contagious Omicron variant and the extraordinarily high case rates currently in the District of Columbia, as well as the high rates of 'breakthrough' cases, particularly in individuals who have not yet received a vaccine booster, concerns about the risks of transmission remain." *Id.* at 4-5.  The Court noted that it had determined in a prior standing order that a Speedy Trial Act exclusion was appropriate through February 18, 2022, for those criminal cases that cannot be tried consistent with health and safety protocols before that date, pursuant to 18 U.S.C. § 3161(h)(7)(A).  *See id.*  Such a conclusion is even more appropriate in light of the new findings in Standing Order 21-83.

Accordingly, the parties now jointly move this Court to continue this case until a date in approximately 60 days.  Such a continuance will allow for the continued provision and review of discovery in this unusual and complex case, and will grant counsel for the defendants and the attorneys for the government the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.  Proceeding to trial without such a continuance would be likely to result in a miscarriage of justice, would make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself due to the unusual and complex nature of the prosecution, and would deny counsel for all parties the time necessary for effective preparation.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ William Dreher*
WILLIAM DREHER
Assistant United States Attorney, Detailee
D.C. Bar No. 1033828
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4579

*/s/ Christopher K. Veatch*
CHRISTOPHER K. VEATCH
Assistant United States Attorney, Detailee
IL Bar No. 6276097
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
christopher.veatch@usdoj.gov
(312) 886-3389

*/s/ Nadia E. Moore*
NADIA E. MOORE
Assistant United States Attorney, Detailee
N.Y. Bar No. 4826566
271 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-6362

*/s/ John M. Pierce*
John M. Pierce
JOHN PIERCE LAW
21550 Oxnard Street
3rd Floor OMB #172
Woodland Hills, CA 91367

213-279-7648

*Counsel for defendants Paul Rae, Nathaniel Tuck, and Kevin Tuck*

*/s/ Eugene Ohm*
Eugene Ohm
Federal Public Defender for the District of Columbia
625 Indiana Avenue, NW, Suite 550
Washington, DC 20004
(202) 208-7500

*Counsel for defendant Arthur Jackman*

*/s/ Michael E. Lawlor*
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chartered
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
(301) 474-0044

*/s/ Nicholas G. Madiou*
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chartered
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
(301) 474-0044

*Counsel for defendant Edward George*

5